

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00874-CR

George **GARCIA**, Jr.,
Appellant

v.

The **STATE** of Texas

From the 2nd 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 12-2210-CR-C
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  February 18, 2015

AFFRIMED

A grand jury indicted George Garcia for assaulting Jacob Andrade with a deadly weapon "as a member of a criminal street gang." Garcia was tried by jury and convicted of engaging in organized criminal activity. Garcia appeals his conviction. Although he admits the evidence supported a finding that he committed the underlying offense of aggravated assault, he argues the evidence was legally insufficient to show he committed the offense as part of a continuing course of criminal activities. We affirm.

**STANDARD OF REVIEW**

In reviewing the legal sufficiency of the evidence, we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We review the evidence "in the light most favorable to the verdict." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). "Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally," and we must "defer to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (internal quotation marks and citations omitted).

**ENGAGING IN ORGANIZED CRIMINAL ACTIVITY**

"A person commits an offense [of engaging in organized criminal activity] if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, the person commits or conspires to commit [aggravated assault]." TEX. PENAL CODE ANN. § 71.02(a) (West Supp. 2014). A "criminal street gang" is "three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities." TEX. PENAL CODE ANN. § 71.01(d) (West 2011). The statute requires the State to prove intent to "'establish, maintain, or participate in' *either* a combination *or* a criminal street gang." *Barrera v. State*, 321 S.W.3d 137, 152 (Tex. App.—San Antonio 2010, pet. ref'd). Evidence of a gang-related tattoo and affiliation with confirmed gang members may demonstrate participation in a criminal street gang. *See id.* at 153.

The evidence at trial showed that Jacob Andrade visited his ex-wife to pay child support and encountered Garcia and another man named Abel Lomas, who were selling drugs to one of

Andrade's children. Andrade confronted Garcia and Lomas and, using profanities, told them not to sell drugs to his family in the future. A few weeks later, Andrade again encountered Garcia in a restroom at a bar in Marion. When Andrade exited the restroom, Garcia, Lomas, and Juan Beza were waiting for Andrade. Andrade pulled out a knife when he saw Garcia had a pocketknife in his hand, but the situation deescalated. The following month, Andrade again encountered Garcia, who was accompanied by Lomas, Beza, and another man named Jessie Flores, at a bar in Seguin. Garcia smashed a Heineken bottle into the side of Andrade's head. Andrade was then pulled up on stage where he was further assaulted.

Several witnesses testified Garcia was affiliated with the Mexican Mafia. Amy Valadez, Andrade's girlfriend, testified Garcia sold drugs for the Mexican Mafia. Cathy Gonzalez, Andrade's mother, testified she sought out members of the Mexican Mafia to have them order Garcia to stop harassing her son because, as she testified, Garcia was a member. Detective Clinton Haldbardier testified about the Mexican Mafia. He testified Lomas and Flores were confirmed members of the Mexican Mafia. Haldbardier further testified that the group known as Tango Orejon was a Mexican Mafia-related prison gang. He testified Garcia had "Orejon" tattooed on his arm and another tattoo relating to Tango Orejon behind his ear. Haldbardier described the latter tattoo as covered by another tattoo indicating Garcia had either renounced membership with Tango Orejon or sought to become a member of the Mexican Mafia. Detective Jaime Diaz testified that the Mexican Mafia was a criminal organization with more than three people that had common identifying signs or symbols and an identifiable leadership. The evidence supports Garcia assaulted Andrade for attempting to interfere with gang-related drug activities. Thus, a rational jury could have found Garcia assaulted Andrade as a member of a criminal street gang.

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH